UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT LEWIS MORGAN,

    Petitioner,

v.                                                  Case No: 5:22-cv-185-TPB-PRL

WARDEN, FCC COLEMAN – LOW,

    Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a federal inmate incarcerated at the Coleman Federal Correctional Complex, initiated this civil action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). In 2016, Petitioner entered a plea of guilty in the Southern District of Florida to conspiracy to import Alpha-PVP (commonly known as "flakka" or bath salts), aggravated identity theft, and money laundering. *See United States v. Morgan*, 713 F. App'x 829 (11th Cir. 2017). The trial court accepted Petitioner's plea and sentenced him to a cumulative 175-month term of incarceration, to be followed by a cumulative life term of supervised release. *See Morgan v. United States*, No. 18-cv-21024-UU, 2020 WL 6731234, at *6 (S.D. Fla. Oct. 23, 2020). Petitioner sought a direct appeal, and the Eleventh Circuit affirmed Petitioner's

judgment of conviction. *See Morgan*, 713 F. App'x at 829. Petitioner later filed with the sentencing court a motion to vacate under 28 U.S.C. § 2255, and the sentencing court denied the motion in November 2020. *Morgan v. United States*, No. 18-cv-21024-UU, 2020 WL 6729405, at *1 (S.D. Fla. Nov. 16, 2020). The Eleventh Circuit denied a certificate of appealability in February 2022. *Morgan v. United States*, No. 21-11539-E, 2022 WL 538879, at *1 (11th Cir. Feb. 8, 2022). Petitioner is currently in BOP custody, with a release date of June 22, 2029. *See* Federal Bureau of Prisons, Inmate Search, available at www.bop.gov (last visited Apr. 15, 2022).

In this Petition, Petitioner challenges the legality of his convictions and argues that Alpha-PVP is not a "schedule I controlled substance"; and thus, the trial court did not have jurisdiction over the offenses for which Petitioner was convicted and sentenced. *See generally* Doc. 1.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. The Eleventh Circuit has held that 28 U.S.C. § 2241 is unavailable to challenge the validity of a sentence except on very narrow grounds. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017); *Bernard v. FCC Coleman Warden*, 686 F. App'x 730 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1092-93). None of

those grounds are present here, and thus Petitioner may not proceed under § 2241. As such, this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, this 15th day of April, 2022.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

Jax-7

C: Robert Lewis Morgan, #13829-104